IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARK GOODMAN
ADC #87233                                                                                              PLAINTIFF

V.                                      5:04CV00285 JTR

AGNES J. THOMAS,
Sergeant, Cummins Unit, ADC, et al.                                          DEFENDANTS

**ORDER OF DISMISSAL**

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), has commenced this § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entries #1 and #5. Defendants have filed a Motion to Dismiss and a Supporting Brief, to which Plaintiff has filed a Response. *See* docket entries #12, #13, and #17. For the reasons set forth herein, Defendants' Motion will be granted, and this case will be dismissed, without prejudice.[1]

**II. Discussion**

In his Complaint and Amended Complaint, Plaintiff alleges that, in April of 2003: (1) Defendant Sergeant Agnes J. Thomas subjected him to cruel and unusual punishment, which is prohibited by the Eighth Amendment, when she placed Plaintiff in a holding cell for seven hours where he was forced to sleep on a concrete slab without a blanket and with a window air conditioning unit pointed directly at him at full power; and (2) Defendants Disciplinary Hearing

---

[1] On April 11, 2005, the parties consented to proceed before a United States Magistrate Judge. *See* docket entry #14.

Officer Keith Waddle and CSO Jesse M. Davis deprived him of his Fourteenth Amendment right to due process when they found him guilty of a disciplinary conviction that was not supported by substantial evidence and failed to afford him certain procedural protections. *See* docket entries #1 and #5.

Defendants have filed a Motion to Dismiss in which they assert that this case should be dismissed because: (1) Plaintiff has failed to fully and properly exhaust his administrative remedies; (2) Plaintiff has failed to state a claim upon which relief may be granted; and (3) Defendants are entitled to sovereign immunity. Because the Court finds merit to Defendants' first argument, there is no need to address their remaining two arguments for dismissal.[2]

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved. *Porter v. Nussle*, 534 U.S. 516 (2002). Importantly, the Eighth Circuit has clarified that § 1997e(a) requires inmates to: (1) fully exhaust their administrative remedies as to each separate claim raised in the complaint; and (2) complete the exhaustion process prior to filing

---

[2] It is well settled that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

an action in federal court.  *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

Additionally, the Eighth Circuit has a well-established history of requiring <u>strict adherence</u> to the PLRA's exhaustion requirements.  *See*, *e.g., Fudge v. May,* 84 Fed. Appx. 702 (8th Cir. Dec. 19, 2003) (unpublished opinion) (requiring dismissal of the entire case even though it was too late for the prisoner to raise the unexhausted claim in the prison grievance procedure); *Love v. May,* 63 Fed. Appx. 282 (8th Cir. May 21, 2003) (unpublished opinion) (requiring dismissal of the entire case where the prisoner failed to file grievances against three of the nine defendants)*; Johnson,* 340 F.3d at 627 (requiring complete exhaustion prior to filing the complaint); *Graves*, 218 F.3d at 885 (requiring the dismissal of the entire case if it includes at least one unexhausted claim).

Plaintiff has presented the Court with evidence of full exhaustion as to his Fourteenth Amendment challenges to his disciplinary conviction.  *See* docket entries #1 and #17.  In contrast, although he has been given the opportunity to do so, Plaintiff has failed to present the Court with <u>any</u> evidence demonstrating that he has exhausted his administrative remedies as to his Eighth Amendment claim regarding the conditions of his confinement while in the holding cell for seven hours.  As previously mentioned, the <u>entire</u> § 1983 case must be dismissed if a prisoner has failed to exhaust his administrative remedies as to <u>each and every</u> raised claim.  *See Graves*, 218 F.3d at 885.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Complaint (docket entry #1) and Amended Complaint (docket entry #5) are dismissed, without prejudice, due to Plaintiff's failure to fully and properly exhaust his

administrative remedies as to each claim raised in this action.

2.  The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3),[3] that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 12th day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."